# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRENDA MAYES,

        Plaintiff,        CASE NO. 18-10436
                                  HON. DENISE PAGE HOOD

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#6]

### I.   BACKGROUND

On December 14, 2017, Plaintiff Brenda Mayes ("Mayes") brought this action against Christina Montemayor ("Montemayor") for Defamation (Count I) and Intentional Infliction of Emotional Distress (Count II) in the Circuit Court for Macomb County, Michigan. (Doc # 1-2) Mayes and Montemayor are both employed by the United States Department of Defense at the U.S. Army Tank Automotive Command ("TACOM"). (Doc # 1-2, Pg. 4, ¶¶ 7–8) On February 6, 2018, Montemayor removed this case to federal court. (Doc # 1) The United States of America ("United States") was substituted for Montemayor as the sole defendant in this case on February 16, 2018. (Doc # 4)

Mayes and Montemayor are colleagues. Mayes alleges that Montemayor made false accusations against her to other colleagues and in formal reports, as retaliation for a verbal altercation that the two colleagues had at work and claims that Montemayor caused her to suffer "severe and serious emotional distress." (Doc # 1-2, Pg. 7–8, ¶¶ 21, 24, 28–34, 39)

On or about June 19, 2017, Mayes was subject to an Equal Employment Opportunity counselor's report for the purpose of processing complaints of discrimination. (Doc # 9, Pg. 10) Mayes described the actions of Montemayor in the report. (*Id.*) On August 25, 2017, Mayes was sent a letter that set forth the following:

> This refers to your discrimination complaint filed on 3 August 2017. Your initial contact and your initial interview with an EEO official were on 19 June 2017. You received your Notice of Right to File a Formal Complaint of Discrimination on 20 July 2017.
>
> You allege subjection to a hostile work environment based on your age (61) and sex (female) when from 2011 through on or about 10 May 2017, you were harassed both sexually and non-sexually by your coworker Ms. Christina "Tina" Montemayor when she commented [sic] the length of your skirt, called you a big legged heifer, told you green ain't your color, yelled at you while flinging her arms around, jerking her neck and shoulders back and forth like she was going to hit you, implied you are a lesbian, grabbed your legs trying to scare you, defamed your character, lied, referred to you in derogatory terms and made a video of you dancing then spread it throughout the office.
>
> Based on my review of the complaint file, and conditioned upon a final decision by the Army Director of EEO or designee, I have accepted the above claim for investigation.

(*Id.*, Exh. B, Pg. 22) (emphasis added in original). Mayes' claim was denied on or about October 5, 2017. (*Id.*, Exh. C, Pg. 27) Mayes filed this action a little over two months later. (Doc # 1-2)

This matter is before the Court on United States' Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, filed on March 26, 2018. (Doc # 6) Mayes filed a Response on April 13, 2018. (Doc # 9) The United States filed a Reply on April 27, 2018. (Doc # 10) For the reasons that follow, the United States' Motion to Dismiss is **GRANTED**.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014) (*citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In the case of a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id.*

In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and

determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

**III. ANALYSIS**

The United States makes a factual attack on the complaint, arguing that this Court lacks subject matter jurisdiction to hear Mayes' tort claims because Mayes has not exhausted all administrative remedies. (Doc # 6, Pg. 8) Mayes argues that she clearly exhausted her administrative remedies, as evidenced by her EEO report and the subsequent denial of her claim. (Doc # 9, Pg. 11–12) The United States contends that, irrespective of whether Mayes' EEO complaint placed the United States on notice of her potential tort claims, the facts as presented by Mayes demonstrate that she failed to exhaust her administrative remedies under the Federal Tort Claims Act (28 U.S.C. § 2675(a)) ("FTCA"), by failing to place a value on her claim by providing a sum certain. (Doc # 9, Exh. A, Pg. 17; Doc # 10, Pg. 4–5) The Court agrees.

Mayes concedes that her claims are brought under the FTCA, as her claims are against the federal government "for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any federal employee of the Government which acting within scope of his office or employment." 28 U.S.C. § 2675(a). The FTCA "provides the exclusive remedy for

injuries to persons or property arising from the tortious acts of federal employees acting within the scope of their employment." *Arbour v. Jenkins*, 903 F.2d 416, 420 (6th Cir. 1990).

Although Mayes made an EEO discrimination complaint and mentions defamation, her complaint is insufficient to establish subject matter jurisdiction. "In order for a person to file a tort claim under the FTCA, it is required that [s]he 1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or 'sum certain') on the claim." *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994); *see also* 28 U.S.C. § 2401(b); 28 U.S.C. § 2675. Based on Exhibit "A" to Mayes' Response to the present Motion, it is clear that Mayes did not request monetary relief in her EEO discrimination complaint. In Section VI of the complaint, titled "Relief Sought," Mayes indicated that she was "undecided," but wanted Montemayor reassigned. (Doc # 9, Exh. A, Pg. 17) It is clear that Mayes has failed to provide evidence that she asserted a claim for damages or a sum certain. *See Jones v. Johnson*, 707 F. App'x 321, 332 (6th Cir. 2017) ("[Plaintiff] did not place a sum certain on her claim, and consequently did not meet the exhaustion requirement."). Mayes has failed to meet the exhaustion requirement. This Court does not have jurisdiction over her tort law claims against the United States.

In addition, the Court notes that the FTCA bars suits against the United States for claims of "libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The Court does not have jurisdiction over Mayes' defamation claim against the United States. *See Smalls v. Emanuel*, 840 F. Supp. 2d 23, 34 (D.D.C. 2012).

**IV. CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant United States of America's Motion to Dismiss (Doc # 6) is **GRANTED**.

IT IS FURTHER ORDERED Plaintiff Brenda Mayes' claims against Defendant United States of America are **DISMISSED WITH PREJUDICE**.

s/Denise Page Hood  
Chief Judge, U. S. District Court

DATED: March 29, 2019